**Patricia Neale WATSON, Plaintiff–Appellant,**

v.

**LAS VEGAS VALLEY WATER DISTRICT, Defendant– Appellee.**

**No. 08–16748.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2009.

Filed Oct. 30, 2009.

Scott M. Mahoney, Esquire, Jeffrey D. Winchester, Esquire, Fisher & Phillips, LLP, Las Vegas, NV, for Defendant–Appellee.

Appeal from the United States District Court for the District of Nevada, James C. Mahan, District Judge, Presiding. D.C. No. 2:05–cv–00846–JCM–LRL.

Before: HUG and PAEZ, Circuit Judges, and WU,* District Judge.

MEMORANDUM **

Patricia Watson appeals from the district court's grant of summary judgment to her employer, Las Vegas Valley Water District, in this Americans with Disabilities Act ("ADA") and Title VII action on claims of employment discrimination and retaliation. We have jurisdiction under 28 U.S.C. § 1291 to review the final decision of the district court. We review de novo, *Snead v. Metropolitan Property & Casualty Insurance Co.*, 237 F.3d 1080, 1087 (9th Cir.2001), and affirm.

The district court properly concluded that Watson's claims under the ADA and Title VII were time-barred. The alleged discriminatory act occurred on October 14, 2003, when Las Vegas Valley Water District sent Watson the letter communicating its decision to terminate her employment. *See Delaware State Coll. v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Neither Watson's November 19, 2003 letter requesting reasonable accommodations, nor Las Vegas Valley Water District's November 20, 2003 letter reiterating its termination decision, constituted a separate discriminatory act. *Id.* From the date of the discriminatory act,

---

* The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Watson had 300 days to file an administrative charge with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e–5(e)(1). Watson did not file an intake form with the EEOC until August 11, 2004, two days after the deadline. *See Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175 (9th Cir.1999) ("[A] detailed, signed intake form ... may serve as a charge to initiate administrative proceedings."). Thus, Watson's ADA and Title VII claims are time-barred.

AFFIRMED.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.